NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000423
25-FEB-2020
08:23 AM

NO. CAAP-19-0000423

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LIONEL N. LIMA, JR., Claimant-Appellant/Appellant, v.
AOAO WAILUNA RECREATION ASSOCIATION, Employer-Appellee/Appellee,
and ACCLAMATION INSURANCE MANAGEMENT SERVICES,
Insurance Carrier-Appellee/Appellee, and
SPECIAL COMPENSATION FUND, Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2017-326(T); DCD NO. 2-03-08023)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of this appeal by self-represented Claimant/Appellant/Appellant Lionel N. Lima, Jr. (Lima) from a workers' compensation administrative matter, and the record, it appears that we lack appellate jurisdiction.

Lima appeals from the following orders entered by the Labor and Industrial Relations Appeals Board (LIRAB)[1] entered in LIRAB Case No. AB 2017-326(T):

(1) a March 4, 2019 "Order Regarding Matters Heard by Hearings Officer"; and

---

[1] The LIRAB was comprised of members Melanie S. Matsui and Marie C.L. Laderta; chair Danny J. Vasconcellos was recused.

(2)   a May 1, 2019 "Order Granting Motion to
Continue and to Set Status Conference."

The Hawai'i Supreme Court has held:

> The appeal of a decision or order of the LIRAB is
> governed by HRS § 91-14(a), the statute authorizing appeals
> in administrative agency cases.  HRS § 91-14(a) authorizes
> judicial review of a final decision and order in a contested
> case or a preliminary ruling of the nature that deferral of
> review pending entry of a subsequent final decision would
> deprive appellant of adequate relief.  For purposes of HRS
> § 91-14(a), we have defined "final order" to mean an order
> <u>ending the proceedings, leaving nothing further to be
> accomplished</u>. . . .  Consequently, an order is not final if
> the rights of a party involved remain undetermined or if the
> matter is retained for further action.

<u>Bocalbos v. Kapiolani Med. Ctr. for Women & Children</u>, 89 Hawai'i
436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal
quotation marks omitted; emphasis added).

For example, "a decision that finally adjudicates the
matter of medical and temporary disability benefits is an
appealable final order under HRS § 91-14(a), even though the
matter of permanent disability has been left for later
determination."  <u>Id.</u> at 443, 974 P.2d at 1033.  In contrast, when
the LIRAB's determination of a claimant's workers' compensation
claim for benefits "has not been made[,] . . . the requisite
decree of finality is lacking with respect to th[e] case[,]" and
the appellate court lacks jurisdiction.  <u>Mitchell v. State Dep't.
of Educ.</u>, 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation
omitted).

In this case, neither of the orders being appealed
finally adjudicated a benefit.  The March 4, 2019 "Order
Regarding Matters Heard by Hearings Officer" directed how this
matter would proceed following the LIRAB's appointment of a
hearing officer.  The May 1, 2019 "Order Granting Motion to
Continue and to Set Status Conference" reset the trial date of

March 8, 2019, to a later unspecified date, and scheduled a status conference for May 21, 2019.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000423 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, February 25, 2020.

Presiding Judge

Associate Judge

Associate Judge